Eastern District of Kentucky
FILED
FEB 10 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

|  |  |
|---|---|
| United States of America ex rel.<br>GNGH2 Inc.,<br>　　　　Plaintiff-Relator,<br><br>- against -<br><br>TOPY America Inc.,<br>　　　　Defendant. | **TO BE FILED UNDER SEAL**<br><br>Case No. 24cv0003<br><br>**Complaint Under the False**<br>**Claims Act (Amended)** |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.　Nature of the Case**

1.　This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, second-round PPP funding is barred to entities which (1) do not comply with the applicable size standards; or (2) are owned by corporate parents with significant operations in the People's Republic of China.

**II.　Parties**

2.　Defendant TOPY America Inc. ("Defendant") is a Kentucky business corporation.

3.　The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey business corporation.

**III　Compliance with Requirements of Suit**

4.　This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence

will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.  Jurisdiction and Venue**

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the loan transaction at issue was processed by KeyBank National Association in **Cuyahoga County, Ohio.**

**V.  Background**

7. Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if either (1) combined with its

affiliates it does not meet the applicable size standards, i.e. the total employee count exceeds 300; or (2) it is owned by a corporate parent with significant operations in the People's Republic of China.

12. The Defendant in this matter is a steel industry firm. It received second draw PPP disaster relief as follows:

| **Defendant** | **Date** | **Amount** | **Loan #** | **Forgiven** |
| TOPY AMERICA INC. | 1/23/21 | $2,000,000 | 4498868300 | 2/16/22 |

13. Thus, on or about January 23, 2021, Defendant completed Form 2483-SD which required it to certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China

14. Additionally, the Defendant certified that, if combined with its affiliates, it met the applicable size standards, i.e. that it had no more than 300 employees.

15. These certifications were false when made as set forth below.

16. At all times relevant to this matter, the Defendant was a subsidiary of an entity known as TOPY Industries Ltd. which maintains various manufacturing facilities in the People's Republic of China.

17. Additionally, the the total employee count of TOPY Industries Ltd. and its subsidiaries and other affiliates was well in excess of 300 at all relevant times.

18. Moreover, the foregoing information is available on the websites of the Defendant and its corporate parent.

3

19. Thus, Defendant must have been knowing or reckless when it completed form 2483-SD.

20. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

**VI.  Relation Back**

20a. All of the foregoing allegations were disclosed in detail to the United States by way of relator disclosure memo dated January 17, 2024.

20b. Accordingly, the foregoing allegations relate back to the original complaint pursuant to F.R.C.P. 15(c)(1)(B).

**VII.  (Count I) Violation of the False Claims Act**

21. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

22. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

23. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VIII.  Relief Sought**

24. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

25. The Defendant received (and the United States paid) $2,000,000 in disaster relief as a result of the certifications set forth above.

26. Additionally, the United States paid $60,000 in processing fees and $ 21,150.68 in interest in respect of the loan.

27. Accordingly, Relator seeks judgment in the amount of $ 2,081,150.68 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax 212-897-5811

Dated: February 8, 2025